OPINION
Defendant-appellant, Michael Lee Wimer, appeals the Franklin County Court of Common Pleas' decision finding him to be a sexual predator. On October 3, 2000, the Franklin County Grand Jury indicted appellant on three counts of rape, in violation of R.C. 2907.02, three counts of gross sexual imposition, in violation of R.C. 2907.05, and three counts of disseminating material harmful to juveniles, in violation of R.C. 2907.31.
The offenses involved a twelve-year-old victim, Erica Robinson. On January 22, 2001, appellant entered a guilty plea to one count of sexual battery, a stipulated lesser included offense of rape. The trial court dismissed the remaining counts. Appellant was sentenced accordingly, and the trial court held a sex offender classification hearing. At the conclusion of the hearing, the trial court found appellant to be a sexual predator.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT'S DECISION FINDING APPELLANT TO BE A "SEXUAL PREDATOR" AS DEFINED BY 2950.01(E) IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
At the sex offender classification hearing, as noted above, the trial court pronounced its finding that appellant is a sexual predator. However, nothing in the record documents the trial court memorializing its finding in a judgment entry. Indeed, the judgment entry attached to appellant's notice of appeal and brief only addresses appellant's sentence, and we are unable to relate any language in the entry to the trial court's sexual predator determination.
It is well-established that a court speaks only through its entries. Hairston v. Seidner (2000), 88 Ohio St.3d 57, 58. Thus, a trial court's sexual predator finding is merely interlocutory when it has not been memorialized in an entry. State v. Pace (June 5, 1998), Hamilton App. No. C-970546, unreported; see, also, State v. Buterbaugh (Sept. 16, 1999), No. 98AP-1093, unreported. The interlocutory finding is not a final appealable order. Pace.
Therefore, in this case, we are unable to entertain appellant's appeal on the trial court's sexual predator finding for lack of a final appealable order. As such, we dismiss appellant's appeal.
Appeal dismissed.
DESHLER and BROWN, JJ., concur.